IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONYA QUINNETT, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-0888 |
| | § | |
| CENERGY INTERNATIONAL | § | |
| SERVICES, LLC | § | |
|     Defendant. | § | |
| | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C . §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Sonya Quinnett.

### Parties

1. Plaintiff Sonya Quinnett ("Quinnett"), a former employee of Defendant, was personally engaged in interstate commerce during her employment with the Defendant, and is represented by the undersigned.

2. Defendant, Cenergy International Services, LLC ("Cenergy") is a Texas limited liability company and an "employer" as defined by the FLSA that employed the Plaintiff. With respect to Plaintiff, Cenergy is subject to the provisions of the FLSA, as it was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Cenergy may be served with process through its registered agent, June Ressler Coldren, at 1221 Lamar Street, Suite 1110, Houston, Texas 77010 or wherever she may be found.

### Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district,

and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's businesses. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

4. Plaintiff was employed by the Defendant from July 21, 2014 until September 3, 2015. Plaintiff's responsibilities included but were not limited to, reviewing and finalizing invoices, running and analyzing weekly reports, assisting with vendor inquiries, assisting billing department and manager, and assisting vendor department. During the time the Plaintiff worked for the Defendant, she regularly worked in excess of 40 hours in a workweek, and often worked as many as 60 hours. For her work, Plaintiff was paid on a salary basis and was not paid the required overtime premium for those hours worked over 40 hours per workweek.

5. During every week of Plaintiff's employment with Defendant wherein she worked in excess of 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA. Instead, Plaintiff was paid the same salary rate for all hours worked.

6. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

7. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

8. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

9. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

### Jury Demand

10. Plaintiff demands a trial by jury on all claims she has asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
Vijay A. Pattisapu
TBA No. 24083633
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
jbuenker@buenkerlaw.com
vijay@buenkerlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF SONYA QUINNETT**